UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TANIA A. GONZALEZ,<br>    *Plaintiff,*<br><br>vs.<br><br>LEXINGTON POLICE DEPARTMENT,<br>CHRISTOPHER BARRY, MICHAEL BARRY,<br>MICHAEL McGLOIN, DENNAHE ADLEY, and<br>JOSEPH CIAMPA d/b/a BEACON POINT<br>DEVELOPMENT, LCC,<br>    *Defendants.* | C.A. No. 1:24-cv-10908-NMG |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS,
LEXINGTON POLICE DEPARTMENT, CHRISTOPHER BARRY, MICHAEL
BARRY, MICHAEL McGLOIN and DENNAHE ADLEY, TO DISMISS
<u>PLAINTIFF'S COMPLAINT UNDER RULES 41(b) & 12(b)(6)</u>**

This is an action brought by *pro se* plaintiff, Tania A. Gonzalez, against the Lexington Police Department, several members of the Lexington Police Department (hereinafter, collectively, the "Lexington defendants"), and plaintiff's landlord, Joseph Ciampa d/b/a Beacon Point Development, LLC. Plaintiff's Complaint consists of five, single-spaced typed pages, one handwritten page, and two attachments. (ECF Doc. No. 2-2, pp. 4-14).[1] Due to their inability to make heads or tails of plaintiff's allegations against them, the Lexington defendants hereby move to dismiss plaintiff's Complaint under Rules 41(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

In her Complaint, plaintiff alleges (among other things) that the Lexington defendants:

- "fail[ed] to provide all necessary/repeatedly asked for remedies from the Community Resource Center";

---

[1] Under Local Rule 5.1(a)(2), all documents filed with the Court shall be double-spaced, except discovery requests and responses. U.S.D.C. (D. Mass.) L.R. 5.1(a)(2). Plaintiff's Complaint consists of multiple un-numbered paragraphs and incomplete sentences.

- "continue[d] to assume/insinuate that [plaintiff] was suicidal, presented with suicidal ideations, threats to self/threats to harm others";

- "insisted that [plaintiff] reach out and go to the Concord District Court and speak to the appointed Court clinician, and work with Elliot Community Health;"

- "refus[ed] to file criminal charges against individual(s) who inflicted fear/imminent danger/threat to a disabled individual;" and

- "alienated, accosted, disrespected and punished [plaintiff]." (ECF Doc. No. 2-2, pp. 4-7).

Based on such allegations, plaintiff seeks recovery against the Lexington defendants under a broad range of theories, including, but not clearly limited to, abuse of authority, abuse of power, "falsely deducing an officer's narrative," negligence, "IIED," defamation, invasion of privacy, tortious interference with contractual relations, the ADA, handicap discrimination, housing discrimination, racial profiling, the Massachusetts Civil Rights Act (M.G.L. c. 12, § 11H), and 42 U.S.C. § 1983. (ECF Docs. No. 2-2 & 2-3).

On April 9, 2024, the Lexington defendants removed this action from Middlesex Superior Court to this Court pursuant to 28 U.S.C. § 1441(a) based on plaintiff's allegations that defendants violated the ADA and 42 U.S.C. § 1983. The Lexington defendants now move to dismiss plaintiff's Complaint for failure to comply with the Federal Rules of Civil Procedure and for failure to state claims upon which relief can be granted. Fed. R. Civ. P. 41(b) & 12(b)(6). The Lexington defendants submit this Memorandum of Law in support of their Motion to Dismiss.

### I. STANDARD OF REVIEW

Upon motion of a defendant with notice, a Court may, in its discretion, dismiss any action for failure of the plaintiff "to comply with these rules …." Fed. R. Civ. P. 41(b); Jackson v. Polaroid Corp., 181 F.3d 79 (1st Cir. 1999). The Court's ruling will not be reversed absent an abuse of discretion. D.P. Apparel Corp. v. Roadway Exp., Inc., 736 F.2d 1, 3 (1st Cir. 1984).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a pleading. To survive a Rule 12(b)(6) motion, a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (court should ignore statements "that simply offer legal labels and conclusions or merely rehash cause-of-action elements"). In other words, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Alston v. Spiegel, 988 F.3d 564, 571 (1st Cir. 2021) (quoting Twombly, 550 U.S. at 555)). A mere "possibility of misconduct" is not enough. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Hamann v. Carpenter, 937 F.3d 86, 90 (1st Cir. 2019) (conclusory allegations of ill will and spite held insufficient to cross plausibility threshold); Hartigan v. Macy's, Inc., 2020 WL 6523124, at *4 (D. Mass. Nov. 5, 2020) (conclusory allegation that defendant failed to comply with own privacy policy held insufficient to meet plausibility standard).

## II.  ARGUMENT

A. **Plaintiff's Complaint Fails to Contain a "Short and Plain" Statement of her Claims in Violation of Rule 8(a)(2).**

Admittedly, *pro se* filings are to be liberally construed and interpreted less strictly than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A court's liberality, however, is not without limits.  See Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000); Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997). "*[P]ro se* status does not free a litigant in a civil case of the obligation to comply with procedural rules." Ruiz Rivera v. Riley, 209 F.3d 24, 28 & n.2 (1st Cir. 2000). "Even *pro se* pleadings must … follow procedural and substantive law and, therefore, present sufficient facts to suggest an actionable

3

claim." Cavitt v. Massachusetts Dep't of Corrections, 2021 WL 91277, at *2 (D. Mass. Jan. 11, 2021). See Harper v. Melendez, 2019 WL 6307201, at *2 (D. Mass. Nov. 22, 2019) ("even a *pro se* plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.") (citation and quotation omitted). Where a court cannot ascertain the nature and basis of any legitimate claims, "it is under no obligation to rewrite the pleadings on [the *pro se* plaintiff's] behalf." D.S. v. Kijakazi, 2024 WL 22858, at *1 (D. Mass. Jan. 2, 2024).

Rule 8(a) of the Federal Rules of Civil Procedure defines the content and structure of an acceptable pleading.

> A pleading that states a claim for relief must contain … (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . ..

The purpose behind Rule 8(a) is to "afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest." Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995). A defendant enjoys an "inalienable right to know in advance the nature of the cause of action being asserted against him." Id. The "short and plain" statement requirement was explained by the Second Circuit Court of Appeals as follows:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. . . ..  The statement should be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from the mass of verbiage."

Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted); 5 Wright & Miller, Federal Practice and Procedure § 1281, at 522 (2nd ed. 1990). "At a minimum, the complaint must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Harihar v. Jeanne D'Arc Credit Union, 2021 WL 1617187, at *2 (D. Mass. April 26, 2021)

4

(quoting Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006)). See Fed. R. Civ. P. 8(d)(1) ("Each allegation [in a pleading] must be simple, concise, and direct.")

Here, the Lexington defendants are at a loss to understand the wrongs of which they are accused. Plaintiff broadly alleges defendants' misconduct has been "scrupulously documented" and indignantly scolds: "Shame on this town, and all listed parties > shame on you." (ECF Doc. No. 2-2, p. 4). Missing, however, are specific facts – *i.e.*, what defendants allegedly did or failed to do – to merit such a rebuke.

Despite ardent protection of an individual's right to self-representation, "*pro se* status does not insulate a party from complying with the procedural and substantive law." Ahmed, 188 F.3d at 890. A less stringent standard of pleading "cannot be taken to mean that *pro se* complaints are held to no standard at all." Green v. Commonwealth of Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985). The "short and plain" statement requirement of Rule 8(a) applies to the plaintiff, Tania A. Gonzalez. The policy of *pro se* leniency should not be followed to the gross disadvantage of the Lexington defendants. Martin v. Walsh, 2021 WL 2224266, at *1 (D. Mass. June 2, 2021) (conclusory and vague *pro se* complaint fails to satisfy Rule 8(a)); Zavaglia v. Boston Univ. Sch. of Med., 2016 WL 526143, at *1 (D. Mass. Feb. 9, 2016) (bare bones *pro se* Complaint without facts sufficient to form basis of plaintiff's claims held dismissed for failure to comply with Rule 8(a)).

Plaintiff's Complaint should be dismissed for failure to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b); Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993) ("A district court has the power [under Rule 41(b)] to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement.") While the power to dismiss a pleading for failure to comply with Rule

8(a) "is generally reserved for a pleading that is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," Coy Phelps v. Local 0222, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (citation and quotation omitted); that is precisely the case here. Plaintiff's angry and incoherent ramblings and accusations do not qualify as a "short and plain statement" of her claim.

### B. Plaintiff's Complaint Fails to State Claims Upon Which Relief Can be Granted.

Beyond mere conclusory terms and phrases such as "abuse of power," "discrimination," "racial profiling" and "disrespect," plaintiff s Complaint is wholly devoid of facts to support such conclusions and/or the numerous claims plaintiff has asserts. Moreover, plaintiff fails to set forth specific facts to show that each individual Lexington defendant – Captain Barry, Officer Barry, Officer McGloin or Officer Adley – engaged in misconduct or somehow caused her harm. A Court "must determine whether, *as to each defendant*, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted." Sanchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009) (emphasis in original).

To the extent plaintiff seeks to recover in negligence, her right of recovery (if any) is controlled by the exclusive remedy provisions of the Massachusetts Tort Claims Act, M.G.L. c. 258, §§ 1, et seq. ("MTCA"). To recover against a public employer under the MTCA, a plaintiff must send written presentment of her claim to the "executive officer" of the defendant within two years from the date the cause of action arose. M.G.L. c. 258, § 4. Written presentment in compliance with Section 4 is a condition precedent to recovery under the MTCA. Vasys v. Metro. Dist. Comm'n, 387 Mass. 51, 55–56 (1982); Pruner v. Clerk of the Superior Court, 382 Mass. 309, 315 (1981). Proper presentment assures timely notice to the appropriate official and allows the defendant to assess the validity of the plaintiff's allegations and – depending on the results of that

investigation – to deny, settle, or otherwise resolve the claim. Estate of Gavin v. Tewksbury State Hosp., 468 Mass. 123, 132 (2014). Any action filed without prior proper presentment is subject to dismissal. Bellanti v. Boston Public Health Comm'n, 70 Mass. App. Ct. 401, 408 (2007). Further, individual public employees – *e.g.*, Captain Barry, Officer Barry, Officer McGloin and Officer Adley – are personally immune for any negligent acts of omissions committed while acting within the scope of their employment. M.G.L. c. 258, § 2; McNamara v. Honeyman, 406 Mass. 43, 46 (1989).

To the extent plaintiff seeks to recover against the Lexington Police Department[2] for intentional torts – *e.g.*, "IIED," intentional interference with contractual relations, invasion of privacy – the Department remains immune under M.G.L. c. 258, § 10(c). Connerty v. Metro. Dist. Comm'n, 398 Mass. 140, 149 (1986); Molinaro v. Town of Northbridge, 419 Mass. 278, 279 (1995).

To the extent plaintiff seeks to recover against the Lexington Police Department under the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11H ("MCRA"), such a claim is barred. A municipality is not a "person" subject to suit within the meaning of the statute. Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 592 (2001); Kelley v. LaForce, 288 F.3d 1, 11 n.9 (1st Cir. 2002). Nor does plaintiff allege any policy, custom or practice on the part of the Lexington Police Department sufficient to impose municipal liability under 42 U.S.C. § 1983. Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 694-95 (1978).

To the extent plaintiff seeks to recover against the individual Lexington defendants under the MCRA or Section 1983, such defendants are protected under the doctrine of qualified

---

[2] A suit against a municipal police department is deemed to be a suit against the municipality itself. Henschel v. Worcester Police Dep't, 445 F.2d 624 (1st Cir. 1971).

immunity. Ciarametaro v. City of Gloucester, 87 F.4th 83, 87-88 (1st Cir. 2023); Rodriques v. Furtado, 410 Mass. 878, 881-882 (1991); Duarte v. Healy, 405 Mass. 43, 46 (1989). This Court should dismiss plaintiff's Complaint under Rule 12(b)(6) for failure to state claims upon which relief can be granted.[3]

### III.  CONCLUSION

For the reasons set forth above, defendants, Lexington Police Department, Christopher Barry, Michael Barry, Michael McGloin and Dennahe Adley, hereby move that this Honorable Court dismiss plaintiff's Complaint under Rule 41(b) for failure to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 17(c) & 8(a). Defendant further move that this Court dismiss plaintiff's Complaint for failure to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Defendants,

LEXINGTON POLICE DEPARTMENT,
CHRISTOPHER BARRY, MICHAEL BARRY,
MICHAEL McGLOIN & DENNAHE ADLEY,

By their Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

/s/ John J. Davis
_____
John J. Davis, BBO #115890
Jason W. Crotty, BBO #656313
Steven Sroczynski, BBO #680387
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
jdavis@piercedavis.com

Dated: April 16, 2024

---

[3] The defenses listed above are not exhaustive. Rather, they are only some of the reasons why plaintiff's Complaint fails to state claims against the Lexington defendants under Rule 12(b)(6).

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on April 16, 2024.

      */s/ John J. Davis*
      _____
      John J. Davis, Esq.