UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TANIA A. GONZALEZ,<br><br>    *Plaintiff,*<br><br>v.<br><br>LEXINGTON POLICE DEPARTMENT, CHRISTOPHER BARRY, MICHAEL BARRY, MICHAEL MCGLOIN, DENNAHE ADLEY, and JOSEPH CIAMPA d/b/a BEACON POINT DEVELOPMENT, LCC, JANITSA PARISI,<br><br>    *Defendants.* | No. 24-cv-10908-NMG |

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTIONS TO DISMISS AND
PLAINTIFF'S MOTION TO REMAND**

LEVENSON, U.S.M.J.

    Judge Gorton has referred to me for Report and Recommendation the following motions:

- Motion to Dismiss for Failure to State a Claim (Docket No. 7), filed by Defendants Lexington Police Department, Christopher Barry, Michael Barry, Dennahe Adley, and Michael McGloin.

- Motion to Dismiss for Failure to State a Claim (Docket No. 14), filed by Joseph Ciampa; Beacon Point Development, LLC; and Janitsa Parisi.

- Motion to Remand (Docket No. 16), filed by Plaintiff Tania A. Gonzalez.

    I have considered the motions and the memoranda filed in support. I have also considered Plaintiff's various submissions. *See* Docket Nos. 17, 19, 20 and 23. I treat these as oppositions to Defendants' motions and consider them in that light.

For the reasons discussed below, I recommend that the Court deny Plaintiff's motion to remand (Docket No. 16) and grant Defendants' motions to dismiss (Docket Nos. 7, 14). However, I recommend that the Court dismiss Plaintiff's Complaint without prejudice to Plaintiff filing an amended complaint that complies with the requirement for a "short and plain statement" of Plaintiff's claim (that is, a concise statement with sufficient factual detail to enable Defendants—and the Court—to identify what it is that Plaintiff alleges that each Defendant has done that warrants relief).

### I.     Background

On March 15, 2024, pro se Plaintiff Tania A. Gonzalez ("Plaintiff") filed a Complaint in Middlesex Superior Court, naming as Defendants the Lexington Police Department and several of its employees, namely Christopher Barry, Michael Barry, Michael McGloin, and Dennahe Adley (the "Lexington Defendants"). Plaintiff also named as Defendants Joseph Ciampa, managing partner of Beacon Point Development, LLC ("Beacon Point"), which owns and manages the property in which Plaintiff lives, and Janitsa Parisi, a secretarial assistant at Beacon Point (the "Landlord Defendants").[1]

On April 9, 2024, the Lexington Defendants removed the case to federal court, noting that the Complaint alleges violations of the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983. Docket No. 2, ¶ 3.

As best as can be gleaned from the Complaint, Plaintiff alleges that one or more of the Lexington Defendants:

- "[F]ail[ed] to provide all necessary/repeatedly asked for remedies from the Community Resource Center" in Lexington; and

---

[1] Accompanying Plaintiff's Complaint is a handwritten note seeking to add Janitsa Parisi as a defendant. Docket No. 2-2, at 9.

- "On multiple occasions . . . continue[d] to assume/insinuate that [Plaintiff] was suicidal, presented with suicidal ideations, threats to self/threats to harm others[.]"

Docket No. 2-2, at 4.

Plaintiff further alleges that Defendant Christopher Barry:

- "On numerous occasions . . . [i]nsisted that [Plaintiff] reach out and go to the Concord District Court[] and speak to the appointed Court clinician, and work with Elliot Community Health[]"; and

- Violated "Section 35" by having Plaintiff involuntarily committed, knowing that she "had no HCP in place, no next of kin, [and] no power of attorney[.]"

*Id.*

As for the Landlord Defendants, Plaintiff alleges that they:

- Failed to disclose that Lexington Wine & Spirits was leasing or would lease space in the same complex where Plaintiff rented an apartment; and

- Failed to prevent other tenants from smoking in their units, thereby adversely affecting Plaintiff's asthma and compromised immune system.[2]

*Id.* at 4–5.

Along with these minimal factual allegations, the Complaint states a litany of conclusory allegations, many of which are the names of legal claims or causes of action. These include: "abuse of authority, abuse of power, biased/racial profiling, discrimination . . . [,] falsely deducing narratives/unfounded/untrue, [and] refusing to file criminal charges against

---

[2] Specifically, the Complaint states:

> Federal and Massachusetts Statutes> failing to provide reasonable accommodations AND reasonable modifications > violating his own lease "non smoking community" As a Disabled person under ADA (1990) Asthma > Ciampa, has failed umpteen times to remove other tenants who are compromising the oxygenated air I'm struggling to take in . . . ."

Docket No. 2-2, at 5.

3

individual(s) who inflicted imminent fear/imminent danger/threat to a disabled individual[] . . . ." *Id.* at 5. Plaintiff also alleges that the Lexington Defendants "alienated, accosted, disrespected and punished" her. *Id.* at 7.

In the same vein, the Complaint recites in conclusory fashion that Defendant "Ciampa is guilty of IIED," *id.* at 5, and lists the following further reasons for bringing suit against him: "[l]andlord/tenant dispute, discrimination, housing discrimination, violations of G.L.111, Section 127- building code violations, sanitary code violations, under 93A (falsely deducing, failure to disclose)," *id.* at 4. There are also mentions of "[n]egligence physical health adversely compromised" and "[t]ortious interference." *Id.* at 7. Here again, there is no description of any facts or events that would enable Defendants, or the Court, to identify any underlying factual basis for such claims.

Apart from the Complaint, I note that Plaintiff submitted an "affidavit" dated May 28, 2024. Docket No. 23. The affidavit includes various statements suggestive of wrongdoing or bad motives, albeit without specifying what particular wrongful acts Plaintiff complains of. *See generally id.* Plaintiff asserts, for example, that Lexington is "unwelcoming to minorities being Hispanic." *Id.* at 1. Plaintiff further claims that there is "a pattern of abuse of authority, ruthlessness, and color of law racial profiling." *Id.* The affidavit is not part of the Complaint, which must—at the motion to dismiss stage—be judged on its own merits. *See Autila v. Mass. Bay Transp. Auth.*, 342 F.R.D. 23, 30 (D. Mass. 2022) (explaining that if an affidavit were deemed part of a complaint, it "would severely compromise the ability of defendants and courts to test the legal viability of complaints at the pleading stage, a right that is integral to federal procedure" (quoting *Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015))).

All Defendants have moved to dismiss.

**II.    Plaintiff's Motion to Remand**

A civil case may be removed from state to federal court, regardless of the parties' citizenship, where the federal district court has original jurisdiction (*i.e.*, where the action "aris[es] under the Constitution, laws, or treaties of the United States"). 28 U.S.C. §§ 1331, 1441(a). That the "action arise[s] under federal law[]" must be apparent from the face of the complaint. *Aroostook Band of Micmacs v. Ryan*, 404 F.3d 48, 56 (1st Cir. 2005) (quoting *Penobscot Nation v. Georgia-Pac. Corp.*, 254 F.3d 317, 321 (1st Cir. 2001)), *rev'd on other grounds*, *Narragansett Indian Tribe v. Rhode Island*, 449 F.3d 16 (1st Cir. 2006).

Although the factual underpinnings of Plaintiff's claims are not readily discernable (as discussed below), it is evident from Plaintiff's Complaint that her claims include alleged violations of her constitutional rights and of federal anti-discrimination and/or reasonable accommodation provisions. *See* Docket No. 2-2, at 7 (Complaint expressly referencing "[f]ederal rulings VIOlATIONS," including the ADA); Docket No. 2-3, at 2 (state court Civil Action Cover Sheet signed by Plaintiff expressly referencing violations of "Section 1983 of the Civil Rights Act (42 U.S.C.)"). To be sure, the Complaint includes references to various state statutes as well, such as "G.L.111" and "93A." Docket No. 2-2, at 4. But the mere presence of state law claims does not require remand to state court. *See* 28 U.S.C. § 1441(c).

For these reasons, I recommend that the Court deny Plaintiff's motion to remand (Docket No. 16).

**III.    Defendants' Motions to Dismiss**

  *A.    Standard of Review*

Under Federal Rule of Civil Procedure 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), Rule 8

"does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). In other words, a complaint that merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (explaining that district courts "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom").

"'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). That said, pro se litigants are not free to ignore the Federal Rules of Civil Procedure, including the pleading requirements set forth therein. *See FDIC v. Anchor Props.*, 13 F.3d 27, 31 (1st Cir. 1994) ("We have consistently held that a litigant's 'pro se status [does not] absolve him from compliance with the Federal Rules of Civil Procedure.'" (alteration in original) (quoting *United States v. Heller*, 957 F.2d 26, 31 (1st Cir. 1992))); *Falk v. Wells Fargo Bank, N.A.*, 600 F. Supp. 3d 115, 118 (D. Mass. 2022) ("[P]ro se plaintiffs are not insulated 'from complying with procedural and substantive law.'" (quoting *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997))). All plaintiffs, including pro se plaintiffs, must "set forth factual allegations, either direct or inferential, respecting each material

element necessary to sustain recovery under some actionable legal theory." *Wright v. Town of Southbridge*, No. 07-40305-FDS, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting *Adams v. Stephenson*, No. 96-2266, 1997 WL 351633, at *1 (1st Cir. June 23, 1997)).

Without a minimally sufficient complaint, the defendant does not have "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Harihar v. Jeanne D'Arc Credit Union*, No. 20-12293-IT, 2021 WL 1617187, at *2 (D. Mass. Apr. 26, 2021) (quoting *Calvi v. Knox Cnty.*, 470 F.3d 422, 430 (1st Cir. 2006)).

### B.     Analysis

#### 1.     Claims Against the Lexington Defendants

On its face, the Complaint fails to provide a minimally sufficient factual basis for a claim against the Lexington Police Department or any individual officers. To the extent that there is any reference to particular acts or omissions, the Complaint does not provide sufficient information or context to support a discernable claim.

"To assert a viable claim under 42 U.S.C. § 1983, a plaintiff must show: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of clearly established rights, privileges or immunities guaranteed by the federal Constitution or laws of the United States." *Nollet v. Justices of the Trial Ct. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000). As the Supreme Court has noted:

> An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was "clearly established" at the time of the challenged conduct. And a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it. In other words, "existing precedent must have placed the statutory or constitutional question" confronted by the official "beyond debate."

*Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014) (citations omitted) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

Plaintiff adequately alleges that the individuals she has named as Defendants were police officers employed by the Lexington Police Department, which suffices to meet the first element of a § 1983 claim. But nothing in the Complaint indicates that the officers acted in a way that violated a clearly established constitutional or statutory right. Indeed, it is unclear what actions, if any, Plaintiff alleges that the officers took, let alone that such actions violated a particular clearly established right. Accordingly, the Complaint is subject to dismissal for failure to state a claim.

2. *Claims Against the Landlord Defendants*

Plaintiff's allegations regarding smoking by other tenants can, when read generously, be understood as alleging a failure to accommodate a disability in violation of the reasonable accommodation provisions of the ADA, 42 U.S.C. §§ 12101–12213, and the Fair Housing Act, 42 U.S.C. §§ 3601–3631, as amended by the Fair Housing Amendments Act ("FHAA").

The FHAA defines discrimination to include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped individual] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). The First Circuit has outlined the elements of such a claim as follows:

> To prevail on such a reasonable accommodation claim, a plaintiff must show [1] a qualifying handicap, [2] the defendant's actual or constructive knowledge of that handicap, [3] a request for a specific accommodation that is both reasonable and necessary to allow the handicapped individual an equal opportunity to use and enjoy the particular housing, and [4] the defendant's refusal to make the requested accommodation.

*Summers v. City of Fitchburg*, 940 F.3d 133, 139 (1st Cir. 2019) (citing *Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Hous. & Urban Dev.*, 620 F.3d 62, 67 (1st Cir. 2010)).

The Complaint fails to set forth particulars sufficient to support an FHAA claim.[3] There is an allegation of handicap (*e.g.*, "asthma," "Barrette's esophagus"), of which Defendant Ciampa was apparently aware ("Knowing that I have extreme sensitivities to all environmental allergens[] . . ."), but it is unclear what accommodation Plaintiff requested, whether that request was reasonable, or what accommodation (if any) was provided. *See* Docket No. 2-2, at 5. Although Plaintiff does allege that Defendant Ciampa failed to "remove other tenants who are compromising the oxygenated air [Plaintiff is] struggling to take in," the Complaint does not state whether Plaintiff requested such removal as an accommodation. *See id.*

With respect to Plaintiff's claim that the Landlord Defendants failed to disclose that Lexington Wine & Spirits was leasing, or would lease, space in the same complex in which Plaintiff rented her apartment, Plaintiff fails to allege that the Landlord Defendants had a duty to make any such disclosure. Nor does the Complaint suggest what might be the source of such a duty.

## IV. My Recommendation

For the reasons explained above, I recommend that the Court grant Defendants' motions to dismiss. However, given that Plaintiff is proceeding pro se, I recommend that the Court dismiss Plaintiff's Complaint without prejudice. I recommend that Plaintiff be permitted to file, within thirty days of dismissal, an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.

---

[3] "For present purposes, the elements of reasonable accommodation claims under the FHAA and the ADA do not differ in any meaningful respect." *Summers*, 940 F.3d at 139. As such, for the reasons stated above, the Complaint also fails to set forth particulars sufficient to support an ADA claim.

I briefly review some of the requirements for filing an amended complaint, with which Plaintiff must comply:

First, an amended complaint completely supersedes an original complaint. *Brait Builders Corp. v. Mass., Div. of Cap. Asset Mgmt.*, 644 F.3d 5, 9 (1st Cir. 2011). Accordingly, if Plaintiff chooses to file an amended complaint, she must repeat anything from the original complaint that she intends to include as part of the new, operative complaint. Similarly, the amended complaint must be a standalone document; the Court will not consider factual allegations found elsewhere in the record (*e.g.*, in a cover sheet, affidavit, or letter).

Second, any amended complaint must comply with Federal Rule of Civil Procedure 8. That is, it must include a "short and plain statement of the claim(s)." Fed. R. Civ. P. 8(a)(2). Accordingly, the amended complaint "should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004). Those facts should be set forth in separately numbered paragraphs.[4]

/s/ Paul G. Levenson  
Paul G. Levenson  
U.S. MAGISTRATE JUDGE

Dated: November 1, 2024

---

[4] The parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).